FILED

APR 2 3 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OE MO

UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| DAVID SHEN, ) | **4:14CR122 AGF/NAB** |
| ) | |
| Defendant. ) | |

### INDICTMENT

### COUNT ONE

The Grand Jury charges that:

At all times relevant:

1. DAVID SHEN ("SHEN"), the defendant herein, lived in the 4500 block of Lindell Boulevard, St. Louis, Missouri 63108, in the Eastern District of Missouri. SHEN maintained and used Internet services provided by Charter Communications at his residence.

2. Washington University in St. Louis was an educational institution located in the Eastern District of Missouri.

3. Washington University Investment Management Company, which was also located in the Eastern District of Missouri, was a division of Washington University in St. Louis. Unless otherwise noted, Washington University in St. Louis and Washington University Investment Management Company are generally referred to herein as "Washington University." Washington University's activities were in and affected interstate and foreign commerce.

4. As part of managing investments, Washington University used a variety of third-party services, including the services of third-parties referred to herein as Service Provider A and

Service Provider B. Washington University paid substantial fees to use these services which allowed Washington University to obtain, store, and access information and reports on servers associated with Service Provider A and Service Provider B. Access to information and reports stored by and available from Service Provider A and Service Provider B was restricted and required a user name and password. The information and reports stored by and available from Service Provider A and Service Provider B included, among other things, confidential, proprietary and trade secret protected reports and information relating to, among other things, investments, investment opportunities, and investment strategies. Such reports and information were not available to the public.

5. From approximately on or about February 16, 2009, and continuing until on or about October 6, 2011, SHEN was employed as a manager of asset allocation and risk management for the Washington University Investment Management Company.

6. In or around September 2011, SHEN was involved in an incident in which he used a shared terminal and obtained personal documents and information associated with a supervisor. SHEN thereafter forwarded that information by e-mail to another employee. SHEN also obtained an electronic spreadsheet that contained encrypted passwords of other employees and, at some point, transferred that spreadsheet to his home.

7. On or about October 6, 2011, as a result of the above-noted e-mail incident, SHEN resigned from his employment at Washington University in lieu of termination. SHEN was escorted off the premises with his personal belongings on or about October 6, 2011. As a result, no later than on or about October 6, 2011, SHEN knew that he no longer worked for Washington University and no longer had any authorized access to Washington University computer systems and to third-party computer systems to which he had been given access for

work-related purposes, including computer systems associated with Service Provider A and Service Provider B.

8. After SHEN's resignation and removal, Washington University removed SHEN's access to the University's computer systems and attempted to remove SHEN's access to third party systems such as those associated with Service Provider A and Service Provider B. For example, Service Provider B provided four database services to Washington University. Upon SHEN's termination, Service Provider B terminated SHEN's access to three of the four database services, but not to the fourth database service, which SHEN knew Washington University used to store its internal documents and other private and confidential information.

9. After SHEN's resignation and removal from Washington University, SHEN accessed files, records, and documents on the computer systems of Service Provider A and Service Provider B without lawful authority to do so. SHEN also attempted to gain additional unauthorized access to computer systems by making false representations indicating he was still employed with Washington University. SHEN also attempted to decode ("crack") the passwords on the above-referenced spreadsheet of passwords that he had previously taken from Washington University.

10. Between on or about October 8, 2011, and November 26, 2011, SHEN accessed and caused to be accessed reports and documents on computer systems of Service Provider A and Service Provider B, without authorization. Such unauthorized access was accomplished using Internet Protocol ("IP") addresses 24.217.102.33 and 24.216.64.104, which were then associated with the Internet service provided to SHEN at his residence on Lindell Boulevard, in St. Louis, in the Eastern District of Missouri.

11. On or about October 28, 2011, in the Eastern District of Missouri and elsewhere,

3

**DAVID SHEN,**

the defendant herein, intentionally accessed a protected computer used in interstate and foreign commerce, without authorization and exceeding any authorized access he had previously been given, and thereby obtained information from that protected computer, and the offense was committed for purposes of commercial advantage and private financial gain, and in furtherance of a tortious act in violation of the laws of the State of Missouri, and the value of the information obtained exceeded $5,000; to wit, the defendant used his personal computer to access without authorization, and in excess of any authorized access, a computer system associated with Service Provider A and thereby downloaded a Risk Report for Washington University HF Portfolio for the month of August 2011.

In violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i) - 1030(c)(2)(B)(iii) and 2.

## COUNT TWO

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference herein paragraphs 1 through 10 of Count One of this Indictment.

2. On or about November 22, 2011, in the Eastern District of Missouri and elsewhere,

**DAVID SHEN,**

the defendant herein, intentionally attempted to gain access a protected computer used in interstate and foreign commerce, without authorization, and in an attempt to obtain information from that protected computer, and the offense was committed for purposes of commercial advantage and private financial gain, and in furtherance of a tortious act in violation of the laws

of the State of Missouri, and the value of the information obtained exceeded $5,000; to wit, the defendant contacted Service Provider B and falsely claimed to still be an employee of Washington University in order to convince Service Provider B to restore the defendant's access to one or more database services for which the defendant's access was terminated after his resignation from Washington University.

In violation of Title 18, United States Code, Sections 1030(a)(2)(C), 1030(b), and 1030(c)(2)(B)(i) - 1030(c)(2)(B)(iii) and 2.

## COUNT THREE

The Grand Jury further charges that:

1. The Grand Jury realleges and incorporates by reference herein paragraphs 1 through 10 of Count One of this Indictment.

2. On or about November 22, 2011, in the Eastern District of Missouri and elsewhere,

**DAVID SHEN,**

the defendant herein, having voluntarily and intentionally devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and in attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by wire certain writings, signs, signals, pictures, and sounds; to wit, the defendant contacted Service Provider B and falsely claimed to still be an employee of Washington University in order to convince Service Provider B to restore the defendant's access to one or more database services for which the defendant's access was terminated after his resignation from Washington University.

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
JOHN M. BODENHAUSEN, #49568MO
Assistant United States Attorney

6